UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

CARL A. ESTRADA,

        Petitioner,

v.                                                                    Case No. 08-CV-789

JUDY P. SMITH, Warden of Oshkosh Correctional Facility,

        Respondent.

_____

**ORDER**

On September 18, 2008, petitioner Carl A. Estrada ("Estrada"), a prisoner at the Oshkosh Correctional Institution, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his petition, Estrada alleges unlawful custody arising from revocation of his parole and deferral by the Wisconsin Parole Board. For the reasons listed below, this court finds that Estrada's § 2241 petition should properly be characterized as a § 2254 petition and provides time for the petitioner to consent to this recharacterization.

Estrada's petition for writ of habeas corpus is properly brought pursuant to 28 U.S.C. § 2254 rather than § 2241 because Estrada is a state prisoner in custody pursuant to a state court judgment. A state prisoner in custody pursuant to a judgment of a state court must proceed under § 2254, even if his claim does not stem from the underlying conviction or sentence that brought him there. *Walker v. O'Brien*, 216 F.3d 626, 632-33 (7th Cir. 2000). Section 2254 effectively implements the general grant of habeas corpus in § 2241 as long as the petitioner is in custody

pursuant to a state court judgment, and "not for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without conviction." *Karls v. Ferry*, 05-C-431-C, 2005 U.S. Dist. LEXIS 27034, at *4 (W.D. Wis. Nov. 4, 2005) (quoting *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000)). Section 2254 and all associated statutory requirements apply when a state prisoner files his petition in the district court, no matter what statutory label the prisoner has given the case. *Walker*, 216 F.3d at 633.

Estrada labels his petition as a § 2241 petition; however, he is in custody pursuant to a state court judgment. A prisoner is in custody pursuant to a state court judgment if his current confinement would not have been possible without a conviction. *Karls*, 2005 U.S. Dist. LEXIS 27034, at *5. Estrada states in his petition that his is confined at Oshkosh Correctional Institution and the documentation he submitted indicates that Estrada was revoked on an underlying state sentence. (Docket #1, Wisconsin Division of Hearings and Appeals Decision, pp. 1-2). Therefore, Estrada is a state prisoner in custody pursuant to a state court judgment because his confinement after revocation would not be possible without his underlying conviction. As a result, Estrada must proceed under § 2254 and not § 2241. *Id*; See also *Magritz v. Morgan*, 06-C-0590-C, 2006 U.S. Dist. LEXIS 78304, at *2-3 (W.D. Wis. Nov. 15, 2006) ("Petitioner in this case is in custody pursuant to the judgment of conviction of a state court. Accordingly, his petition falls under § 2254, not § 2241.")

Case 2:08-cv-00789-JPS   Filed 10/28/08   Page 2 of 4   Document 6

However, before the court may recharacterize the § 2241 petition as a § 2254 petition, it must notify Estrada that such a recharacterization may bar a later habeas challenge because 28 U.S.C. § 2244(b) prohibits "second or successive" § 2254 petitions. *Ghashiyah v. Kingston*, Case No. 06C0015, 2006 U.S. Dist. LEXIS 21981, at *2-3 (E.D. Wis. Mar. 28, 2006) (citing *Castro v. United States*, 540 U.S. 375, 385, 124 S. Ct. 786, 157 L.Ed. 2d 778 (2003); *Martin v. Overton*, 391 F.3d 710, 713 (6th Cir. 2004)). The court will provide Estrada with an opportunity to withdraw his motion or amend it to contain all § 2254 claims he wants to assert, in order to avoid a bar on any additional claims as "second or successive." Therefore, the court will direct Estrada to notify the court within thirty (30) days of the date of this order if he consents to the recharacterization of his § 2241 petition as a § 2254 petition. The court will proceed to screen Estrada's petition pursuant to Rule 4 of the Rules Governing § 2254 cases upon any of the following: receipt of Estrada's consent, Estrada's filing of an amended petition, or expiration of the thirty days.

However, the petitioner should note that he must exhaust all available state remedies before a federal court can consider his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Anderson v. Benik*, 471 F.3d 811, 814 (7th Cir. 2006). In addition, the claims presented in a § 2254 petition cannot be procedurally defaulted, which means the petitioner must have "fully and fairly" presented his federal claims to the state courts. *Id.*

Accordingly,

Case 2:08-cv-00789-JPS   Filed 10/28/08   Page 3 of 4   Document 6

**IT IS ORDERED** that Estrada shall notify the court within thirty (30) days of the date of this order whether he consents to recharacterization of the § 2241 petition as a § 2254 petition.

Dated at Milwaukee, Wisconsin, this 28th day of October, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge