UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

CARL A. ESTRADA,

        Petitioner,

v.                                                  Case No. 08-CV-789

JUDY P. SMITH, Warden, Oshkosh Correctional Institution,
ALFONSO GRAHAM, Chairman, Wisconsin Parole Board,
JIM HART, Commissioner, Wisconsin Parole Board,

        Respondents.

_____

## ORDER

On September 18, 2008, petitioner Carl A. Estrada ("Estrada") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This court reviewed Estrada's petition and interpreted the pro se filing as a challenge to the revocation of Estrada's parole. As a result, the court issued an October 28, 2008 order advising Estrada that his writ of habeas corpus was properly brought pursuant to 28 U.S.C. § 2254, rather than § 2241, and providing thirty days for Estrada to consent to a recharacterization of the petition. Estrada responded by letter on November 24, 2008. In his letter, Estrada clarifies that his petition challenges the Parole Commissioner's deferral of Estrada's parole for eleven months. Estrada claims that this deferral constitutes unlawful custody in violation of his 5th, 6th, and 14th Amendment rights because the Administrative Law Judge's decision revoking his parole allegedly concluded that six months was sufficient punishment as a matter of law.

Thus, Estrada's petition challenges the Parole Commissioner's action in allegedly holding him in unlawful custody, versus challenging the state court judgment revoking his parole. As Estrada correctly asserts, the appropriate vehicle for seeking relief on grounds concerning the execution but not the validity of the conviction and sentence is § 2241. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). These grounds include contending that a warden or parole commission is holding the petitioner in violation of his constitutional rights or the laws of the United States. *See Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991). Thus, Estrada properly brought his petition pursuant to § 2241.

In connection with his § 2241 petition, Estrada files for leave to proceed in forma pauperis. Estrada's six month prison account statement indicates that his average monthly deposits total $6.35 and his average monthly balance is $1.08. Though these amounts are very small, Estrada has not shown that he is unable to pay the nominal $5.00 filing fee. *See Ware v. Page*, No. 97-C-260, 1997 WL 43201, at *1 (N.D. Ill. Jan. 27, 1997) (noting that "this Court has yet to encounter a prisoner who is unable to muster up the extraordinarily modest $5 fee for a [habeas] petition"). Edwards shall pay the $5.00 fee to the clerk of this court within thirty (30) days from the date of this order.

Finally, Estrada also moves this court to amend his petition because he "inadvertently" named the wrong respondents. In addition to Warden Judy Smith named in the original petition, Estrada also seeks to name Alfonso Graham,

-2-

Chairman of the Wisconsin Parole Board, and Jim Hart, Commissioner of the Wisconsin Parole Board, as respondents. The court will grant this request. Therefore, the court will direct the aforementioned respondents to file an answer to the petition.

Estrada is advised that he must send copies of all future filings with the court to counsel for respondents, whether in letter, brief, memorandum, or other form. Until respondents file an answer, these copies should be sent to Assistant Attorney General Gregory M. Weber at 17 W. Main Street, P.O. Box 7857, Madison, WI 53707-7857. After the answer is filed, copies should be sent to the Assistant Attorney General who filed the answer.

Accordingly,

**IT IS ORDERED** that the petitioner's motion for leave to proceed in forma pauperis be and the same is hereby **DENIED**; the petitioner shall pay the $5.00 fee within thirty (30) days from the date of this order or his case will be dismissed without prejudice and without further notice of the court;

**IT IS FURTHER ORDERED** that the parties in this action shall proceed in accordance with the following briefing schedule:

1.  Respondents shall file an answer to the claims in petitioner's petition within thirty (30) days of service thereof.

2. Petitioner shall file a supporting brief, with reasons why the writ of habeas corpus should be issued, within sixty (60) days of service of respondents' answer.

3. Respondent shall file an opposition brief, with reasons why the writ of habeas corpus should not be issued, within sixty (60) days of service of petitioner's brief, or within one hundred and twenty (120) days from the date of this order if no brief is filed by petitioner.

Dated at Milwaukee, Wisconsin, this 27th day of January, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge