**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

_____

CARL A. ESTRADA,

        Petitioner,

v.                                                           Case No. 08-CV-789

JUDY P. SMITH, Warden,
Oshkosh Correctional Institution,
ALFONSO GRAHAM, Chairman,
Wisconsin Parole Board, and
JIM HART, Commissioner,
Wisconsin Parole Board,

        Respondents.

_____

# ORDER

On September 18, 2008, petitioner Carl A. Estrada ("Estrada") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Docket #1). In a January 27, 2009 order, this court confirmed that Estrada's petition was brought under § 2241 and challenged the execution of his sentence, namely, the Parole Commissioner's action in allegedly holding him in unlawful custody, versus challenging the state court judgment revoking his parole. (Docket #8). The Parole Commissioner deferred Estrada's parole for eleven months, and Estrada's petition claims that the deferral constitutes unlawful custody in violation of his constitutional rights because an Administrative Law Judge's decision revoking his parole allegedly concluded that six months was sufficient punishment as a matter of law. (Pet'r's Br. 1). Accordingly, the court directed the respondents to file an answer to Estrada's claims.

## BACKGROUND

Estrada was convicted of first-degree murder and armed robbery in Milwaukee County Circuit Court on May 13, 1971. (Answer to Pet. ¶ 1) (Docket #11). He was sentenced to consecutive terms of life plus twenty-eight years in the Wisconsin State Prison System for the two offenses. (Answer to Pet. ¶ 1, Ex. A) (Docket #11-2). Estrada was paroled from prison in June 2004. (Pet. 15) (Docket #1). In late 2007, Estrada allegedly committed a number of parole violations. (Resp't Br. in Opp'n 2). Parole revocation hearings were held on January 30, 2008, and March 13, 2008, before an Administrative Law Judge ("ALJ"). (Pet. 14-16; Resp't Br. in Opp'n 2). Estrada appeared at those hearings both in person and represented by counsel. (Resp't Br. in Opp'n 2). The ALJ revoked Estrada's parole for his admitted use of cocaine, his possession of a BB-gun that looked like a handgun, and his having an unauthorized person stay at his residence without any notice to his parole agent. (Pet. 14-16). The ALJ ordered parole revoked as of March 14, 2008. (Pet. 14-16). The revocation order was affirmed on administrative appeal in April 2008. (Resp't Br. in Opp'n 3).

A parole review hearing was held on August 15, 2008. (Pet.18-19). The Parole Commission chose to defer parole eligibility, based on a number of factors, for eleven months to July 15, 2009. (Pet. 18-19). The Commission concluded that because Estrada continued to attempt to contest his revocation and downplayed the serious of his parole violations, he was not taking his supervision seriously. (Pet.

18-19). The Commission further concluded that it was necessary for Estrada to demonstrate his willingness to comply with the rules and expectations of supervision in order to reduce his risk to the community. Consequently, Estrada's next parole eligibility date was extended to July 15, 2009. (Pet. 18-19).

Though it appears that Estrada filed a writ of certiorari in Milwaukee County Circuit Court in May of 2008, the writ of certiorari challenged only the original order revoking Estrada's parole, not the August 15, 2008 deferral of his parole. (Pet'r's Br. 7) (Docket #13). There is no evidence demonstrating that Estrada attempted to challenge the August 15, 2008 order extending his parole eligibility date in state judicial or administrative proceedings. Estrada was released on parole on October 13, 2009. (Mot. for Injunctive Relief 1). He has since filed a Motion for Injunctive Relief/Motion for Emergency Hearing. (Docket #21). Estrada's motion complains of the conditions imposed on his release on discretionary parole. The court will now address Estrada's pending habeas corpus petition and his motion for injunctive relief.

## DISCUSSION

I.  **Petition for a Writ of Habeas Corpus**

Habeas petitions, if filed while the petitioner is still in physical custody, continue in force after the petitioner is released on parole. *See Mabry v. Johnson,* 467 U.S. 504, 507 n. 3, 104 S.Ct. 2543, 2546 n. 3 (1984); *Jones v. Cunningham*, 371 U.S. 236, 239, 83 S.Ct. 373, 375 (1963) ("[T]he use of habeas corpus has not

been restricted to situations in which the applicant is in actual, physical custody."). Because Estrada filed his habeas corpus petition while he was in physical custody, his release on parole does not, in itself, cause the petition to become moot. If, however, he is suffering no adverse consequences from the Parole Commission's decision to defer his parole, his petition would be moot. *See Phifer v. Clark*, 115 F.3d 496, 500 (7th Cir. 1997).

The court finds that Estrada's § 2241 petition challenging the deferral of his eligibility for parole is moot with respect to the specific allegations that it makes. Estrada does not assert that he is now suffering adverse consequences from the Parole Commissioner's decision to defer his parole, and in fact, he has obtained the relief he requested in his petition – release from prison on discretionary parole. Therefore, the court finds that Estrada's petition for habeas corpus pursuant to § 2241 is moot and should, therefore, be dismissed.

Even if the court determined Estrada's petition is not moot, it appears that Estrada has failed to exhaust his state remedies as to the claims in his federal habeas petition. Though Estrada provided evidence in his petition that he challenged the revocation of his parole in March of 2008, the petitioner fails to provide the court with any showing that he exhausted his state remedies as to his challenge of the deferral order. Because a common law exhaustion rule of administrative remedies applies to § 2241 actions, the court would likely be permitted to dismiss Estrada's petition for failure to exhaust unless he proves "good cause" to excuse this failure

or that his unexhausted challenge is arguably meritorious. *Rhines v. Weber*, 544 U.S. 269, 277 (2005); *Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004). The court finds that neither exception applies here.

Yet, it also appears that Estrada's petition may be dismissed on the merits since he has not adequately shown that the deferral of his parole was in violation of the Constitution. 28 U.S.C. § 2241(c)(3); *Muller v. Zuercher*, 2008 WL 4936724, at *2-3 (C.D. Ill. Nov. 17, 2008). There is no constitutional right to parole. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100 (1979); *Heidelberg v. Illinois Prisoner Review Board,* 163 F.3d 1025, 1026 (7th Cir. 1998). Indeed, Wisconsin has adopted a completely discretionary parole regime. *See, e.g., Wis. Stat.* § 304.06(1)(b) ("the parole commission *may* parole an inmate" who has completed 25% of his sentence) (emphasis added); *see also Grennier v. Frank*, 453 F.3d 442, 444 (7th Cir. 2006). Thus, a Wisconsin inmate, such as Estrada, is not guaranteed parole by meeting set criteria; he must rely on the discretion of the parole board. *Grennier*, 453 F.3d at 444. Accordingly, the court finds that because Estrada has no liberty interest in being considered for parole, he cannot make out a due process claim.[1] Therefore, the court finds that Estrada's petition for a writ of habeas corpus under § 2241 must be denied.

---

[1] Petitioner also argues that the Parole Commission did not have the authority to defer his parole. Yet, this argument is premised on a state law violation. Thus, petitioner does not state a cognizable habeas claim in this respect.

## II.    Motion for Injunctive Relief

The court will next address Estrada's motion for injunctive relief. In his motion, Estrada claims that he has been subject to inappropriately harsh parole rules in violation of his constitutional rights. The court first notes that the motion lists two case numbers: 08-CV-789 (the present case) and 08-CV-861. In case 08-CV-861, Estrada filed a complaint pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated when the named defendants in that case – his parole agent and the agent's supervisors – caused him to be unlawfully arrested, which then led to the revocation of his parole. The defendants filed a motion for summary judgment which the court granted on March 9, 2010. Estrada's motion for injunctive relief was also filed in case 08-CV-861. (Docket #37). However, the court denied the motion because the case was already closed. (*See* Docket #39). Though Estrada filed the motion in two separate cases, the named defendants in the motion are identical to the named defendants in Estrada's § 1983 case.[2] Thus, it appears that Estrada was attempting to seek relief from the actions of these defendants. Prisoners in state custody, such as Estrada, may challenge the constitutionality of state parole procedures, including rules imposed during parole, in an action under 42 U.S.C. § 1983 seeking declaratory and injunctive relief. *See* 42 U.S.C. § 1983 (authorizing claims alleging the deprivation of constitutional rights against every "person" acting "under color of" state law); *Wilkinson v. Dotson*, 544 U.S. 74, 125 S.Ct.1242 (2005).

---

[2]Estrada's motion for injunctive relief also names the Department of Community Corrections as a defendant.

If the court construes Estrada's motion as an attempt to obtain relief pursuant to § 1983, it must direct him to file a new civil rights action, as he cannot tack these new challenges on to his § 2241 petition because they are unrelated and alleged against different defendants.

On the other hand, if the court were to construe Estrada's new challenges as claims for relief under § 2241, then it would still be obliged to deny Estrada's motion for injunctive relief. Under these circumstances, Estrada's motion appears to be an attempt to amend his habeas petition. However, Estrada has not shown he has exhausted all available state administrative and judicial remedies for challenging the conditions of his parole. *Alden v. Kellerman*, 224 Fed. Appx. 545, 547 (7th Cir. 2007); *Johnson v. Pollard*, 559 F.3d 746, 751 (7th Cir. 2009). If a federal habeas petition has even a single unexhausted claim, the district court must dismiss the entire petition and leave the petitioner with the choice of either returning to state court to exhaust the claim, or amending or resubmitting the petition to present only exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269, 278 (2005). Therefore, even if the court determined Estrada was entitled to relief for the initial claims presented in his § 2241 petition (which it has not), the fact that Estrada has not met his burden of showing exhaustion of the new claims is grounds for dismissal of the entire petition.

Accordingly, no matter how the court construes Estrada's motion for injunctive relief, the court reaches the same conclusion: the motion must be denied.

## CERTIFICATE OF APPEALABILITY

Federal statute 28 U.S.C. § 2253(c)(1)(A) provides that no appeal may be taken from a "final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" unless the petitioner first obtains a Certificate of Appealability ("COA"). To obtain a COA under 28 U.S.C. § 2253(c)(2), the applicant must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029 (2003) (internal citations omitted). Given the record before the court, no reasonable jurist would find it debatable whether this court was correct in its ruling on the petition. As a consequence, the court must deny a COA as to the petitioner's petition. Accordingly,

**IT IS ORDERED** that the petitioner's "Petition for Writ of Habeas Corpus" (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that petitioner's Motion for Injunctive Relief/Motion for Emergency Hearing (Docket #21) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that a certificate of appealability as to the petitioner's petition be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 27th day of December, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge